**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| ICON HEALTH & FITNESS, INC., a Delaware corporation, | Case No. 13-CV-05 |
| Plaintiff, | **COMPLAINT FOR PATENT INFRINGEMENT** |
| v. | |
| SARIS CYCLING GROUP, INC., a Wisconsin corporation, | **DEMAND FOR JURY TRIAL** |
| Defendant. | |

Plaintiff ICON HEALTH & FITNESS, INC. ("ICON") hereby complains against defendant, SARIS CYCLING GROUP, INC. ("Saris"), and alleges as follows:

<u>PARTIES</u>

1.      ICON is a corporation duly organized and existing under the laws of the State of Delaware, with its principle place of business at 1500 South 1000 West, Logan, Utah 84321.

2.      ICON alleges upon information and belief that Saris is a Wisconsin corporation with its principal place of business at 5253 Verona Road, Madison, Wisconsin 53711.

<u>JURISDICTION AND VENUE</u>

3.      This is a civil action by ICON for patent infringement arising under the patent laws of the United States, including 35 U.S.C. § 271, which gives rise to the remedies specified under 35 U.S.C. §§ 281, 283, 284, and 285.

4.      This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5.      This Court's exercise of personal jurisdiction over Saris is consistent with the Constitutions of the United States and the State of Wisconsin.

6.      Venue is proper in this judicial district pursuant to, at least, 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400(b).

## FACTUAL BACKGROUND

7.      ICON is an award-winning innovator in the field of exercise equipment and it markets and sells a variety of consumer products.

8.      ICON came to its position of technological leadership through innovation and substantial investment in research, development and acquisition of cutting edge technologies.  As a result of its endeavors, many of the technological innovations created and owned by ICON are protected by a valuable and diverse intellectual property portfolio that includes patents, trademarks, trade dress, and copyrights.

9.      Many of ICON's technological innovations and acquisitions are protected, *inter alia*, by a portfolio of utility patents, including United States Patent Nos. 6,626,799 (the "'799 Patent"), 6,746,371 (the "'371 Patent"), and 8,029,415 (the "'415 Patent") (collectively, the "Asserted Patents").  True and correct copies of the Asserted Patents are attached hereto as Exhibits A, B, and C, respectively.

10.     ICON is the owner by assignment of the Asserted Patents.

11.     Saris makes, uses, sells, and/or offers for sale within the United States and within Wisconsin, either directly or through established distribution channels, various exercise devices and systems under their "CycleOps" brand, including cycling computers, power meters, trainers, rollers, and indoor cycles.

12.     Saris provides downloadable and web-based software applications that allow users to track, upload, download, analyze, compare, and share fitness data, including workouts that may be completed using Saris' exercise devices and systems.

13.     Saris imports, makes, uses, sells, and/or offers for sale within the United States and within Wisconsin, either directly or through established distribution channels, products that give rise to infringement of the Asserted Patents, including by way of example and not limitation, the Joule 3.0 Cycling Computer, the Joule GPS Cycling Computer, the CycleOps Power Beam Pro Trainer, CycleOps PowerAgent Software, Virtual Training Software, the 400 Pro Indoor Cycle, among others (collectively, the "Accused Devices").

14.     The CycleOps Joule 3.0 Cycling Computer and Joule GPS Cycling Computer (collectively, "Joule Computers") are portable bike computers that can be used in connection with an indoor or outdoor bicycle. The computer includes an LCD display, on-board memory, and a microSD card slot for memory expansion. The Joule Computers are capable of duplicating the resistance of actual courses, virtual courses or custom workouts when used with the CycleOps PowerAgent Software, Virtual Training Software, the CycleOps 400 Pro Indoor Cycle, or the CycleOps PowerBeam Pro Trainer. The Joule Computers use the ANT+ communication protocol to receive and transfer data and/or to control the resistance of CycleOps stationary or trainer products, such as the 400 Pro Indoor Cycle and CycleOps Power Beam Pro Trainer.

15.     The CycleOps PowerBeam Pro Trainer ("Power Beam") is a stationary bike trainer for use with a user's bicycle. The PowerBeam is compatible with the Joule 3.0 computer, which is capable of duplicating the resistance of actual course, virtual courses or custom workouts. The PowerBeam uses the ANT+ communication protocol to receive and transfer data

3

and to control the resistance that the CycleOps PowerBeam Pro Trainer applies to the user's bicycle.

16.     The CycleOps 400 Pro Indoor Cycle is a stationary bike that includes the CycleOps Joule 3.0 computer. The CycleOps Joule 3.0, in connection with the Joule computer, is capable of duplicating the resistance of actual courses, virtual courses, or custom workouts. The CycleOps 400 Pro Indoor Cycle uses the ANT+ communication protocol to receive and transfer data and to control the resistance of the CycleOps 400 Pro Indoor Cycle.

17.     The CycleOps PowerAgent Software provides analysis of exercise and cycling metrics, such as peak power, heart rate, cadence, speed, and distance. The Workout Creator portion of the software allows for creation of custom workouts or conversion of a real-world course to indoor simulation.

18.     The CycleOps Virtual Training Software provides virtual route mapping and synchronized video, including route creation with Google Earth, route sharing via a public routes database, and is compatible with the CycleOps 400 Pro Indoor Cycle and other ANT+ powermeters.

19.     Saris encourages and instructs users on how to use the Accused Products through, among other things, instruction or guidance provided to users through its websites, including www.cycleops.com ("CycleOps Website").

20.     For example, Saris includes instructional videos available on the CycleOps website that provide encouragement and instructions to users.  In addition, Saris states the following on the CycleOps Website:

> With the introduction of virtual training from CycleOps, you can now replicate the terrain and excitement of riding outdoors in the comfort of your own home. By pairing your CycleOps PowerBeam Pro or IC400 with our virtual software, you have a plethora of options to keep your training on target and entertaining.

4

*        *        *

CycleOps' virtual training software lets you bring your training to the next level by integrating GPS and Google Earth™ technology to synchronize route mapping and videos with actual outdoor terrain. The software then adjusts the load generation of the resistance unit to reflect actual changes in terrain along the route.

*        *        *

The CycleOps Virtual Training software will also support consumer-generated real life video content, so you'll be able to share courses with other cyclists from around the world. Moreover, you'll be able to ride with and against friends in different locations - over the internet - on the same virtual courses. Want to keep your Saturday morning group rides going through the snowy winter?  Want to pre-ride your March A-race without travelling to recon the route? No problem!

*        *        *

And best of all, because it's part of the CycleOps System, the Virtual Training software will work perfectly with your PowerBeam Pro trainer, 400 Pro Indoor Cycle, and you'll be able to download outdoor rides with the Joule GPS. Afterwards you can upload your files to our companion PowerAgent software for review and analysis. So don't let the weather or your schedule prevent you from missing workouts or reaching your goals. Bring out your inner power with the System by CycleOps.

21.     The CycleOps Website and User's Manuals also provide specific instructions on how to pair the CycleOps Joule Computers with powermeters and trainers, including the CycleOps PowerBeam Pro, using ANT+.

22.     The CycleOps Website and User's Manuals also provide specific instructions on how to set specific fitness goals using the PowerAgent Workout Creator.

23.     The Accused Devices interoperate or otherwise may be used in connection with one another.

24.     Each and every one of Accused Devices, alone or in combination, infringe or contributes to the infringement of the '799 Patent, '371 Patent, or '415 Patent.

5

25.     On October 28, 2010, ICON's attorneys sent Saris a letter informing them of the '799 Patent, among other ICON patents. This letter specifically identified previous discussions between ICON and Saris regarding several of ICON's patents.

26.     On November 17, 2010 ICON's attorneys sent a letter to Saris' attorneys stating that at least claim 1 of the '799 Patent, among other claims, would warrant further discussion between ICON and Saris.

27.     There were several other letters exchanged between ICON's attorneys and Saris' attorneys regarding the licensing of several of ICON's patents. The parties and their representatives have also met on several occasions to discuss ICON's various patents.

28.     Saris has had knowledge of the '799 Patent since its initial discussions with ICON, and at least since October 28, 2010.

29.     Saris has had knowledge of the '371 Patent and the '415 Patent at least since discussions between the parties within the past year.

30.     Since learning of the Asserted Patents, Saris has continued infringing them.

31.     Use of any of the Accused Devices infringes the Asserted Patents and the Accused Devices do not have any substantial non-infringing uses.

## FIRST CLAIM FOR RELIEF

### (Patent Infringement of the '799 Patent)

32.     By this reference ICON realleges and incorporates the foregoing paragraphs as though fully set forth herein.

33.     Saris has directly infringed and continues to directly infringe the '799 Patent under 35 U.S.C. § 271(a) by making, using, selling, and offering for sale within the United States the Accused Devices, which infringe the '799 Patent.

6

34.     ICON alleges on information and belief that since at least about October 28, 2010 Saris has had knowledge of the '799 Patent.

35.     ICON alleges on information and belief that since at least about October 28, 2010, Saris had and continues to have the specific intent to induce its customers or users of its products to infringe the '799 Patent. For example, Saris instructs its customers or users of the Accused Devices in a way that infringes the '799 Patent.

36.     Saris' customers or users of the Accused Devices do, in fact, infringe the '799 Patent.

37.     Since at least about October 28, 2010, Saris has known or should have known that its customers or users of its products infringe the '799 Patent.

38.     The Accused Devices that utilize ANT+ are especially made to be used, and are in fact used by customers or users of the Accused Devices, in a way that infringes the '799 Patent.

39.     The Accused Devices have no substantial uses that do not infringe the '799 Patent.

40.     Saris has indirectly infringed and continues to indirectly infringe the '799 Patent under 35 U.S.C. §§ 271(b) and (c) by actively inducing infringement of or contributorily infringing the '799 Patent.

41.     Despite its knowledge of the '799 Patent, Saris has continued to infringe and induce others to infringe the '799 Patent.

42.     The conduct of Saris as set forth hereinabove gives rise to a cause of action for infringement of the '799 Patent, pursuant to at least 35 U.S.C. §§ 271 and 281.

QB\135503.00003\19119483.1

43.     ICON alleges on information and belief that Saris has manufactured, used, sold, and offered for sale Accused Devices despite an objectively high likelihood that its actions constitute infringement of the '799 Patent.

44.     ICON alleges on information and belief that Saris' manufacture, use, sale, and offer for sale of Accused Devices has been both willful and deliberate.

45.     Saris' acts of infringement have caused damage to ICON, and ICON is entitled to recover the damages sustained as a result of Saris' wrongful acts in an amount subject to proof at trial. Saris' infringement of ICON's rights under the '799 Patent will continue to damage ICON's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

46.     By reason of the foregoing, ICON is entitled to monetary relief against Saris, pursuant to 35 U.S.C. §§ 283–85, as more fully set forth herein below.

## SECOND CLAIM FOR RELIEF

### (Patent Infringement of the '371 Patent)

47.     By this reference ICON realleges and incorporates the foregoing paragraphs as though fully set forth herein.

48.     Saris has directly infringed and continues to directly infringe the '371 Patent under 35 U.S.C. § 271(a) by making, using, selling, and offering for sale within the United States the Accused Devices, which infringe the '371 Patent.

49.     ICON alleges on information and belief that Saris had and continues to have the specific intent to induce its customers or users of its products to infringe the '371 Patent. For example, Saris instructs its customers or users of the Accused Devices in a way that infringes the '371 Patent.

8

50.     Saris' customers or users of the Accused Devices do, in fact, infringe the '371 Patent.

51.     Saris has known or should have known that its customers or users of its products infringe the '371 Patent.

52.     The Accused Devices that receive information concerning a particular user's exercise program and adjust the exercise program in an attempt to reach that user's exercise goals are especially made to be used, and are in fact used by customers or users of the Accused Devices, in a way that infringes the '371 Patent.

53.     The Accused Devices have no substantial uses that do not infringe the '371 Patent.

54.     Saris has indirectly infringed and continues to indirectly infringe the '371 Patent under 35 U.S.C. §§ 271(b) and (c) by actively inducing infringement of or contributorily infringing the '371 Patent.

55.     Despite its knowledge of the '371 Patent, Saris has continued to infringe and induce others to infringe the '371 Patent.

56.     The conduct of Saris as set forth hereinabove gives rise to a cause of action for infringement of the '371 Patent, pursuant to at least 35 U.S.C. §§ 271 and 281.

57.     ICON alleges on information and belief that Saris has manufactured, used, sold, and offered for sale Accused Devices despite an objectively high likelihood that its actions constitute infringement of the '371 Patent.

58.     ICON alleges on information and belief that Saris' manufacture, use, sale, and offer for sale of Accused Devices has been both willful and deliberate.

9

59.     Saris' acts of infringement have caused damage to ICON, and ICON is entitled to recover the damages sustained as a result of Saris' wrongful acts in an amount subject to proof at trial. Saris' infringement of ICON's rights under the '371 Patent will continue to damage ICON's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

60.     By reason of the foregoing, ICON is entitled to monetary relief against Saris, pursuant to 35 U.S.C. §§ 283–85, as more fully set forth herein below.

### THIRD CLAIM FOR RELIEF

### (Patent Infringement of the '415 Patent)

61.     By this reference ICON realleges and incorporates the foregoing paragraphs as though fully set forth herein.

62.     Saris has directly infringed and continues to directly infringe the '415 Patent under 35 U.S.C. § 271(a) by making, using, selling, and offering for sale within the United States the Accused Devices, which infringe the '415 Patent.

63.     ICON alleges on information and belief that Saris had and continues to have the specific intent to induce its customers or users of its products to infringe the '415 Patent. For example, Saris instructs its customers or users of the Accused Devices in a way that infringes the '415 Patent.

64.     Saris' customers or users of the Accused Devices do, in fact, infringe the '415 Patent.

65.     Saris has known or should have known that its customers or users of its products infringe the '415 Patent.

66.     The Accused Devices that include exercise programming capable of controlling the operating parameters of the exercise device to simulate a real world exercise route are especially made to be used, and are in fact used by customers or users of the Accused Devices, in a way that infringes the '415 Patent.

67.     The Accused Devices have no substantial uses that do not infringe the '415 Patent.

68.     Saris has indirectly infringed and continues to indirectly infringe the '415 Patent under 35 U.S.C. §§ 271(b) and (c) by actively inducing infringement of or contributorily infringing the '415 Patent.

69.     Despite its knowledge of the '415 Patent, Saris has continued to infringe and induce others to infringe the '415 Patent.

70.     The conduct of Saris as set forth hereinabove gives rise to a cause of action for infringement of the '415 Patent, pursuant to at least 35 U.S.C. §§ 271 and 281.

71.     ICON alleges on information and belief that Saris has manufactured, used, sold, and offered for sale Accused Devices despite an objectively high likelihood that its actions constitute infringement of the '415 Patent.

72.     ICON alleges on information and belief that Saris' manufacture, use, sale, and offer for sale of Accused Devices has been both willful and deliberate.

73.     Saris' acts of infringement have caused damage to ICON, and ICON is entitled to recover the damages sustained as a result of Saris' wrongful acts in an amount subject to proof at trial. Saris' infringement of ICON's rights under the '415 Patent will continue to damage ICON's business, causing irreparable harm, for which there is no adequate remedy at law, unless it is enjoined by this Court.

11

74.     By reason of the foregoing, ICON is entitled to monetary relief against Saris, pursuant to 35 U.S.C. §§ 283–85, as more fully set forth herein below.

**PRAYER FOR RELIEF**

WHEREFORE, ICON prays for judgment against Saris as follows:

A.     A judgment finding Saris liable for infringement of the Asserted Patents;

B.     An imposition of constructive trust on, and an order requiring a full accounting of, the sales made by Saris as a result of its wrongful or infringing acts alleged herein;

C.     An Order of this Court pursuant to at least 35 U.S.C. § 283 permanently enjoining Saris, its agents and servants, and any and all parties acting in concert with them, from: directly or indirectly infringing in any manner the Asserted Patents, whether by making, using, selling, offering to sell, or importing into the United States any product falling within the scope of any of the claims of the Asserted Patents; engaging in acts constituting contributory infringement of any of the claims of the Asserted Patents; or inducing others to engage in any of the aforementioned acts or otherwise;

D.     An Order of this Court pursuant to at least 35 U.S.C. § 283 directing Saris to destroy its entire stock of infringing products;

E.     An award of damages to ICON, in an amount to be proven at trial, pursuant to at least 35 U.S.C. § 284;

F.     Trebling of ICON's damages in view of the willful infringement by Saris, and the award of such trebled damages to ICON, pursuant to at least 35 U.S.C. § 284;

G.     An award to ICON of prejudgment interest, pursuant to at least 35 U.S.C. § 284;

H.     An award to ICON of its costs in bringing this action, pursuant to at least 35 U.S.C. § 284, and Rule 54(d)(1) of the Federal Rules of Civil Procedure;

I.      That this be declared an exceptional case, and that ICON be awarded its

attorneys' fees and expenses, pursuant to at least 35 U.S.C. § 285;

J.      An award of post-judgment interest, pursuant to at least 28 U.S.C. § 1961(a); and

K.      For such other and further relief as the Court deems just, proper, and equitable.

## **DEMAND FOR JURY**

ICON demands TRIAL BY JURY of all causes so triable.

Dated: January 2, 2013

                                    Respectfully submitted,

                                    */s/ Kristin Graham Noel*
                                    Kristin Graham Noel
                                    kgn@quarles.com
                                    Anthony A. Tomaselli
                                    aat@quarles.com
                                    Martha Jahn Snyder
                                    martha.snyder@quarles.com
                                    QUARLES & BRADY LLP
                                    33 East Main Street, Ste. 900
                                    Madison, Wisconsin  53703
                                    Tel.: 608-251-5000
                                    Fax: 608-251-9166

                                    OF COUNSEL:
                                    Larry R. Laycock (*pro hac* application forthcoming)
                                    llaycock@mgiip.com
                                    David R. Wright (*pro hac* application forthcoming)
                                    dwright@mgiip.com
                                    Tyson Hottinger (*pro hac* application forthcoming)
                                    thottinger@mgiip.com
                                    MASCHOFF GILMORE & ISRAELSEN
                                    1010 North 500 East, Ste. 330
                                    North Salt Lake, Utah 84054
                                    Tel.: 435-252-1360
                                    Fax: 435-252-1361

                                    ***Attorneys for Plaintiff***
                                    ***ICON Health & Fitness, Inc.***

QB\135503.00003\19119483.1